**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-00388-WJM-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. **LEILANI MARIE MARTINEZ**,

 Defendant.

---

**ORDER ON SUPPLEMENTAL NOTICE OF RULE 404(b) EVIDENCE**

---

  Defendant Leilani Marie Martinez is charged in a two-defendant Indictment with the following: possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count 2); conspiracy with her co-defendant, Colter Grant Martinez, to distribute heroin in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 4); distribution and possession of cocaine base with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 5); distribution and possession of methamphetamine with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (Count 6); distribution and possession of heroin with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 7); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 8).  (ECF No. 1.)  A four-day jury trial is scheduled to commence on February 29, 2016.  (ECF No. 245.)

On February 8, 2016, the Government filed a Supplemental Notice by the Government of its Intention to Use Evidence of Other Crimes, Wrongs, or Other Acts Under Rule 404(b) of the Federal Rules of Evidence ("Supplemental Notice"). (ECF No. 254.) Defendant filed an Objection to the Supplemental Notice on February 15, 2016. (ECF No. 256.) Both parties raise new arguments regarding the admissibility of evidence which could not have been included in the Court's prior Order on Pretrial Motions. (ECF No. 251.) The Court has therefore construed portions of these filings as motions seeking pretrial evidentiary rulings, and those motions are granted in part and denied in part.

## I. ANALYSIS

The Supplemental Notice discusses three categories of evidence: (1) evidence of the illegitimacy of Defendant's alleged possession of the firearm found in her residence; (2) evidence from the Confidential Informant ("CI") that Defendant participated in prior drug transactions, possessed a firearm and narcotics, and made related statements; and (3) evidence that Defendant and her co-defendant Colter Martinez are members of the Juaritos street gang. (ECF No. 254.) The Court will discuss each category in turn.

### A.   Firearm Possession

The Government's Supplemental Notice states its intention to introduce evidence that Defendant's alleged possession of the shotgun found at her residence was illegitimate, both by rebutting any evidence that Defendant possessed the firearm legitimately, and by introducing evidence that the shotgun had been previously reported

stolen. (ECF No. 254 at 5–6.) The Government cites Tenth Circuit authority supporting the legitimacy of gun possession as a factor the jury may consider in deciding Count 8, namely whether the gun was possessed in furtherance of a drug trafficking crime. (*Id.*) Defendant's Objection does not discuss this evidence.

The Court finds that the cited evidence is admissible for the purposes the Government cites. As Defendant has not objected, no ruling as to this evidence is necessary.

**B.     Prior Alleged Drug Transactions and Related Statements**

Defendant previously filed a Motion *in Limine* to preclude evidence of the CI's prior purchase of heroin from Defendant, law enforcement agents' observation of an alleged prior hand to hand drug sale by Defendant from her BMW, and law enforcement surveillance of numerous short-term visitors at Defendant's residence. (ECF No. 230 at 10–11.) The Court found that the evidence met the standards for admissibility under Rule 404(b) as showing knowledge, lack of mistake, and opportunity, and permitted the introduction of this evidence with a limiting instruction. (ECF No. 251 at 30.)

Defendant now makes similar arguments that additional evidence in the Supplemental Notice should be excluded under Rule 404(b), including testimony from the CI that he saw narcotics at Defendant's residence, that he was paid to assist her in selling narcotics, and that he saw her in possession of a firearm. (ECF No. 256 at 2.)

The Court finds that the same analysis applies as in the Court's Order on Pretrial Motions, and the relevant portion of that order is incorporated herein. (ECF No. 251 at 27–30.) Briefly, this evidence meets the requirements for admission under Rule 404(b)

because it is relevant, offered to prove knowledge, lack of mistake, and opportunity, and is not unfairly prejudicial. *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000). Defendant argues that this evidence is cumulative of the other evidence, deemed admissible in the Order on Pretrial Motions, to show knowledge and opportunity, but the Court finds this argument insufficient to require exclusion of the evidence under either Rule 403 or 404.

However, as in the Order on Pretrial Motions, the Court finds that a limiting instruction should be given to dispel any risk of prejudice. The Court has already received a proposed limiting instruction from Defendant which makes specific reference to the evidence deemed admissible in the Court's prior order. (*See* ECF No. 257.) Counsel for both parties will be provided an opportunity to submit amended proposed limiting instructions which additionally refer to this new evidence. Any such proposed instruction must be filed **prior** to the Final Trial Preparation Conference on February 22, 2016.

Finally, Defendant argues that the Supplemental Notice makes reference to statements made to the CI by Defendant during the CI's aforementioned observations. (ECF No. 256 at 3.) The Government previously agreed to produce all known written or oral statements made by Defendant, and to supplement its disclosures when new statements are discovered. (ECF No. 223 at 1–2.) Defendant now argues that, despite the Government's reference to such statements in the Supplemental Notice, no new statements have been produced to Defendant. (ECF No. 256 at 3.)

Given the Government's prior agreement to produce these statements, the Court directs counsel for the Government to immediately produce to Defendant any such

statements which have not already been produced.

## C. Gang Membership

The Court previously granted Defendant's Motion *in Limine* as to evidence of Defendant's gang membership, finding that the probative value of the evidence for purposes of showing a relationship between Defendant and Colter Martinez was substantially outweighed by the risk of unfair prejudice. (ECF No. 251 at 30–31.) The Court reasoned that gang affiliation evidence has probative value to establish a relationship between alleged co-conspirators, but that the filings in this case indicated a pre-existing familial relationship between Defendant and Colter Martinez. (*Id.*)

The Government's Supplemental Notice now notes that "the Government recently discovered that the Defendants are not siblings and have no familial relationship." (ECF No. 254 at 8.) The Government therefore argues that this evidence has substantial probative value and should be admitted. (*Id.*)

The Court construes the Government's argument as a motion to reconsider the Court's prior ruling on evidence of gang membership in the Order on Pretrial Motions. As so construed, that motion is denied. As Defendant notes, while Colter Martinez is not her biological sibling, "they have referred to each other for years as brother and sister and have a long standing personal relationship having nothing to do with alleged drugs or gang membership." (ECF No. 256 at 2.) The Court finds that, despite the lack of a biological familial relationship, the high risk of prejudice from the introduction of gang membership evidence requires its exclusion at trial under Rule 403. As such, the Court will not reconsider its prior ruling as to this evidence and it shall remain excluded at trial.

## II.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Government's construed motion for reconsideration as to the exclusion of gang affiliation evidence is DENIED;

2. A limiting instruction shall be given with respect to additional evidence of prior alleged drug transactions and the CI's testimony regarding Defendant's possession of narcotics and a firearm, and counsel shall submit amended proposed limiting instructions **before** February 22, 2016; and

3. The Government shall immediately produce to Defendant any as-yet-undisclosed statements made by Defendant that it intends to introduce at trial.

Dated this 17th day of February, 2016.

BY THE COURT:

William J. Martinez
United States District Judge