IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 1:14-cr-0388-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LEILANI MARIE ONTIVERAS-MARTINEZ,

    Defendant.

---

**ORDER DENYING MOTION TO REDUCE
SENTENCE UNDER 18 U.S.C. § 3582**

---

Before the Court is Defendant Leilani Maria Ontiveras-Martinez's[1] *pro se* Motion To Reduce Sentence Under 18 U.S.C. § 3582 ("Motion"). (ECF No. 381.) The Government filed an opposition brief. (ECF No. 386 at 3.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

In March 2016, a jury convicted Martinez of counts 1, 2, 4, 5, 6, 7, and 8 of the indictment alleging that she committed various drug- and firearm-related offenses. (ECF No. 341; *see also* ECF No. 372.) Thereafter, the United States Probation Office prepared a Presentence Investigation Report, which calculated Martinez's total offense level at 34 with a criminal history score of ten—including the assessment of two criminal history points, *i.e.*, "status points," because she committed the instant offenses while

---

[1] The undersigned is not related to the Defendant.

serving a criminal justice sentence in Pueblo County and Costilla County—and a criminal history category of V.  (ECF No. 337 at 18.)  Based on this total offense level and criminal history score, the advisory guideline range for counts 1, 2, 4, 5, 6, and 7 was 235–93 months.  (ECF No. 337 at 25.)  Count 8 carried a mandatory 60-month sentence.  (*Id.*; ECF No. 342 at 1.)  In September 2016, the Court applied a downward variance from the advisory guidelines and sentenced Martinez to a term of imprisonment of 120 months as to counts 1 and 2, 180 months as to counts 4, 5, 6, and 7, to run concurrently with counts 1 and 2, and 60 months as to count 8, to run consecutively to the other two sentences, as required by statute.  (ECF No. 366 at 53–54.)

In December 2023, Martinez filed a *pro se* motion asking the Court to reduce her sentence based on Part A of Amendment 821, which limits the criminal history impact of "status points" when the offense is committed under a criminal justice sentence.  (ECF No. 381 at 1–2.)  The Government responded in opposition, arguing that Martinez is not entitled to a reduction because her original sentence is below the bottom of the amended guideline range.  (ECF No. 386 at 3.)

## II.  ANALYSIS

Martinez argues that her sentence should be reduced by 60 months under Amendment 821 because her sentence was based on the assessment of two additional criminal history points, *i.e.*, "status points."  (ECF No. 381 at 2.)  The Court disagrees.

After a judgment of conviction is entered, federal courts have limited authority to modify a sentence.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  That said, section 3582(c) allows for a possible sentence reduction for a

defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting that "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

When considering a retroactive amendment to the sentencing guidelines, the Court engages in a two-step inquiry.  *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021).  First, the Court must determine the defendant's eligibility for a sentence reduction—specifically, whether the applicable guideline range has been lowered.  Second, the Court considers whether the reduction is warranted based on the section 3553(a) factors.  *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).  Importantly, courts may only reduce a sentence if doing so would be "consistent with applicable policy statements" of the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, the Sentencing Commission amended the sentencing guidelines.  Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for "Zero-Point Offenders."  As relevant here, U.S.S.G. § 4A1.1 provides that courts may no longer add two additional criminal history points when the offense of conviction was committed by the defendant while under a criminal justice sentence.  *See United States v. Clayborn*, 88 F.4th 1226, 1228 (7th Cir. 2023).  Thus, under the amended sentencing guidelines, Martinez's criminal history points would drop from ten to eight and, accordingly, her criminal history category would drop from V to IV.  Based on an adjusted criminal history

category of IV and a total offense level of 34, Martinez's guideline sentence for Counts 1, 2, 4, 5, 6, and 7 would decrease from 235–93 months to 210–62 months.

Nevertheless, Martinez is still not entitled to a sentence reduction. As discussed, the Court sentenced Martinez to 120 months' imprisonment on counts 1 and 2, and 180 months' imprisonment on counts 4, 5, 6, and 7, to run concurrently. Both sentences are at least 30 months below the bottom of the amended guideline range.[2] Pursuant to section 3582(c)(2), the Court may only reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." And section 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Hence, because Martinez's 180-month sentence is already lower than the bottom of the amended guideline range, she is not eligible for a sentence reduction.[3]

Accordingly, the Court denies Martinez's motion.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Martinez's Motion (ECF No. 381).

Dated this 6th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

---

[2] As the Government points out, Amendment 821 does not impact her sentence with respect to Count 8 because that sentence was mandatory pursuant to statute. (ECF No. 386 at 4.)

[3] To the extent Martinez asks for the appointment of counsel, the Court denies that request as it has determined that "further argument" is not warranted. (ECF No. 381 at 6.)